(C. D. 1295)

R. F. SHAFFER v. UNITED STATES

United States Customs Court, Third Division

(Decided January 23, 1951)

Plaintiff not represented by counsel.
*David N. Edelstein*, Assistant Attorney General (*Richard H. Welsh*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: This action involves the collector's assessment of duty upon 461 pieces of wall tile purchased at Nogales, Sonora, Mexico, and imported into the United States as part of the baggage of the plaintiff. The invoice and entry papers establish that the plaintiff left Nogales, Ariz., on July 22, 1946, and returned thereto by automobile with the tiles in question upon the same date. The entry was liquidated upon October 7, 1946, but the protest before us was not filed with the collector of customs until July 3, 1947, nearly a year after the date of liquidation, long after the period had expired for the filing of protests. However, it also appears from the protest papers that the plaintiff filed a claim with the Secretary of the Treasury for a refund of duties upon such personal effects, for the reason that such effects were claimed not to be subject to duty. The claim was filed, apparently, under the provisions of section 520 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938. Upon June 17, 1947, the Bureau of Customs notified the plaintiff that it declined to authorize the collector to make the refund demanded. A protest was duly filed against such refusal, and comes before this court for decision.

At the trial the plaintiff testified that on July 20, 1946, he and his wife came to Nogales, Ariz., from Phoenix, Ariz., for the purpose of seeing the border town and, on the same day, and the succeeding day, which was Sunday, crossed the border into Nogales, Sonora, Mexico. While in Mexico on Sunday, they saw the tiles in question in a store window and decided to purchase them for installation in their new home. As the store was closed, and they did not care to stay in Mexico overnight, they returned to Nogales, Ariz. On Monday, they again crossed the border into Mexico, purchased the tiles, and returned to the United States.

The customs liquidator testified on behalf of the Government that no application for a refund of duties involved had ever been filed in the office of the collector by the plaintiff, such as is required under the provisions of section 520, *supra*.

Paragraph 1798 of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938 (U. S. C., 1946 ed., Supp. III, Title 19, § 1201, par. 1798), so far as applicable, provides as follows:

PAR. 1798. * * * *Provided further*, That up to but not exceeding $200 in value of articles (including distilled spirits, wines, and malt liquors aggregating not more than one wine gallon and including not more than one hundred cigars) acquired abroad by such residents of the United States as an incident of the foreign journey for personal or household use or as souvenirs or curios, but not bought on commission or intended for sale, shall be free of duty: * * * *Provided further*, That the exemption authorized by the second preceding proviso shall apply only to articles declared in accordance with regulations to be prescribed by the Secretary of the Treasury by a returning resident who has not taken advantage of the said exemption within the thirty-day period immediately preceding his return to the United States:

\* \* \* \* \* \* \*

Section 520, Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, provides as follows:

SEC. 520. REFUNDS AND ERRORS.

\* \* \* \* \* \* \*

(c) Notwithstanding a valid protest was not filed, the Secretary of the Treasury may authorize a collector to reliquidate an entry to correct—

\* \* \* \* \* \* \*

(2) Any assessment of duty on household or personal effects which by law were not subject to duty and in respect of which an application for refund has been filed with the collector within one year after the date of entry.

The plaintiff contends that he did not make a special trip to Mexico to purchase the tiles; that he and his wife saw the tiles while in Mexico as an incident to their trip; and the only reason they returned to the United States on Sunday was that he did not choose to spend the night in Mexico.

The Government contends that the tiles in question were not purchased as an incident of a foreign journey because the plaintiff returned to Mexico on Monday for the sole purpose of purchasing the tiles. Therefore, the merchandise does not come within the exemption granted in paragraph 1798. The Government further contends that section 520 authorizes the Secretary of the Treasury to direct the collector of customs to reliquidate an entry only upon condition that an application for refund has been filed with the collector within 1 year after the date of entry, and the record establishes that no application for refund was filed with the collector.

All articles imported into the United States from foreign countries are either subject to the imposition of duty, or entry thereof is provided for under the free list of the tariff act. However, the Congress has also provided for exemption from the payment of duty of articles brought into the United States by residents returning from abroad.

In so providing that dutiable items shall be free of duty, certain restrictions were also enacted. For instance, the articles to be admitted without duty must be acquired as an incident of the foreign journey. They must not be bought on commission nor intended for sale, and the exemptions shall apply only to such articles as are declared in accordance with regulations prescribed by the Secretary of the Treasury. In order that a returning resident may take advantage of any exemption, it is provided that a similar exemption has not been granted to the resident within the 30-day period immediately preceding his return to the United States.

The collector, in assessing duty upon the tiles in question, states that the purchase was not an incident of the trip. If the trip was made for the express purpose of purchasing the tiles, it is not an incidental purchase and duty is applicable thereto.

Plaintiff apparently is under the impression that inasmuch as he is a resident of Phoenix, Ariz., and that in his foreign journey he traveled from that city to Mexico, his crossing and recrossing the border at Nogales were inconsequential. The law is well settled, however, that if a resident crosses the border for the specific purpose of making a purchase in a foreign country, that purchase is not to be regarded as an incident of the trip, and the exemption from duty of the merchandise brought back to the United States does not apply.

In the case of *Habicht* v. *United States*, 49 Treas. Dec. 173, T. D. 41335, the importer, who lived on the border of Canada, traveled to a store 18 miles across the border for the express purpose of buying certain chinaware, returning to the United States the same day. The court held that the chinaware was not entitled to free entry under the $100 exemption of returning residents. In that case, the court stated:

\* \* \* Beneficial provisions allowing concessions from duty exactions should be strictly construed and not enlarged for special benefit to people not entitled thereto.

In the case of *Fenton* v. *United States*, 51 Treas. Dec. 758, T. D. 42199, the court, speaking of the exemption from duty granted residents returning from abroad, stated:

\* \* \* We think the exemption was intended to cover cases where such residents acquire merchandise abroad as an incident of the trip rather than as the purpose of the trip or one of the purposes for which the trip is made.

In the *Habicht* case, *supra*, the resident traveled to Canada for the express purpose of purchasing and bringing chinaware to the United States. Not being an incident of a foreign journey, but rather the purpose of it, the exemption from duty did not apply. In both the

*Fenton* and *Habicht* cases, *supra*, one of the purposes of the trip was the purchase of certain specified foreign goods. Such intent excluded the merchandise from the benefits of paragraph 1695, Tariff Act of 1922, the predecessor to paragraph 1798, *supra*.

In the case at bar, not only do we have the question of whether the foreign journey was undertaken for the purpose of purchasing the merchandise in contradistinction to the purchase thereof being an incident of such journey, but we also have before us the meaning of the term "foreign journey," as appearing in the proviso to paragraph 1798, *supra*.

A "journey" is described in Funk & Wagnalls New Standard Dictionary as "Passage from one place to another, especially by land; * * * A *journey* is a direct going from a starting-point to a destination, * * *." The foreign journey in the case at bar commenced when the plaintiff crossed the border of Arizona into Mexico, and not when he set out from Phoenix, Ariz. The plaintiff could well have journeyed from Phoenix to Nogales, Ariz., without crossing the border into Mexico, in which case the trip would never have been consummated into a foreign journey. When the plaintiff returned from Mexico to Arizona on Sunday, he had completed a foreign journey, having left the United States and returned thereto. On Monday, when he again entered upon a foreign journey for the express purpose of purchasing tiles for his new home, that journey abroad, which resulted in the purchase in question, was undertaken for the express purpose of acquiring same. Therefore, the merchandise is excluded from the benefits of exemption from duty under paragraph 1798, *supra*. Being so excluded, it also fails to come within the beneficial provisions of section 520 (c) (2) where, when the importer has failed to file a protest under the provisions of paragraph 514 of the Tariff Act of 1930 within the 60-day period after liquidation, the Secretary of the Treasury may consider the remission of duty upon household or personal effects, provided that by law such effects were not subject to duty. However, in the situation here presented, even though the merchandise had been purchased in Mexico as an incident of the plaintiff's foreign journey, he would not be entitled to recover under the provisions of section 520, *supra*, for the reason that an application for refund under said section was not filed with the collector of customs.

For the reasons stated, it is held that the claim of the importer was properly denied, and this court is constrained to enter judgment in favor of the Government.